**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

W.C. SILAS, #M5174                                                                               PETITIONER

v.                                                                                         No. 2:04CV184-M-B

BOLIVAR COUNTY CIRCUIT COURT, ET AL.                         RESPONDENTS

**MEMORANDUM OPINION**

This matter comes before the court on the July 7, 2004, *pro se* petition of W. C. Silas for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state moved October 20, 2004, to dismiss the petition as untimely filed and for failure to exhaust state remedies. The petitioner responded to the motion to dismiss November 4, 2004, and has since moved to amend his petition. The court shall accept the petitioner's additional papers. The matter is ripe for resolution. For the reasons set forth below, the state's motion to dismiss is well-taken, and the instant petition for a writ of *habeas corpus* shall be dismissed as untimely filed.

**Facts and Procedural Posture**

The instant petition arises out of two convictions: the first, a guilty plea to felony DUI and a subsequent probation revocation (cause #99-101-CR2), and the second, a jury verdict of guilty to felony DUI (cause #2001-83-CR2).[1] The first conviction occurred on September 29, 1999; the petitioner entered a plea of guilty to a charge of felony DUI in the Circuit Court of Bolivar County, Mississippi. The petitioner was sentenced on that charge October 29, 1999, to five years in the custody of the Mississippi Department of Corrections. That sentence was, however, suspended. The petitioner's probation was revoked July 17, 2001, because he violated

---

[1] The petitioner is currently in the custody of the Mississippi Department of Corrections, and is on earned release supervision.

its terms, and the court sentenced him to serve one year of the suspended five-year sentence.[2]

Mississippi has no statutory provision for a direct appeal from a guilty plea, and the petitioner did not appeal. *See* MISS. CODE ANN. § 99-35-101. The petitioner filed an "Application For Leave With The Supreme Court" on April 16, 2003, raising claims concerning the lower court cause numbers, 99-101-CR2 (discussed below) and 2001-83-CR2 (discussed above). The Mississippi Supreme Court dismissed the motion August 22, 2003, for lack of jurisdiction, stating that the motion should be filed with the trial court. The petitioner then filed a multitude of requests with the supreme court all of which have been either dismissed or denied. The petitioner has not filed any motions for post-conviction relief in the trial court.

The second conviction raised in the instant petition (No. 2001-83-CR2) arose out of a jury trial for felony DUI in the Circuit Court of Bolivar County, Mississippi. The jury found the petitioner guilty, and the court sentenced him December 13, 2001, to serve a term of three years in the custody of the Mississippi Department of Corrections – and further that the sentence would be served consecutive to all other sentences previously imposed. The petitioner did not appeal the conviction; nor did he file any post-trial motions. The petitioner filed his initial post-conviction motion, and "Application For Leave With The Supreme Court," on April 16, 2003; the Mississippi Supreme Court dismissed this application for want of jurisdiction.

---

[2]The petitioner admitted that he violated his probation. *See* "Petition," paragraph five, page 2.

## W. C. Silas Filed His Petition Too Late

The Antiterrorism and Effective Death Penalty Act [AEDPA], ("the Act") governs decision in this proceeding.[3] *Graham v. Johnson,* 168 F.3d 762, 775 (5th Cir. 1999); *Shute v. Texas*, 117 F.3d 233, 235 (5th Cir. 1997).[4] The AEDPA added a limitations period that provides in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of *habeas corpus* by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > . . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244 (d) (1) and (2).

Thus, the Act imposed "a one-year period of limitation for federal *habeas* proceedings that runs, unless tolled, from the date on which the petitioner's conviction became final at the conclusion of direct review or during the pendency of a 'properly filed application for State post-conviction or other collateral review.'" *Cantu-Tzin v. Johnson*, 162 F.3d 295, 298 (5th Cir.

---

[3]The AEDPA amended 28 U.S.C. § 2254 to "significantly restrict[] the availability of *habeas* relief to state prisoners," *Williams v. Cain,* 229 F.3d 468. 473 (5th Cir. 2000), by "alter[ing] the legal standard for granting *habeas* relief to state prisoners based upon violations of their federal constitutional rights." *Childress v. Johnson*, 103 F.3d 1221, 1224 (5th Cir. 1997) (citation omitted).

[4]*Cf., Slack v. McDaniel,* 529 U.S. 473, 478, 480-81, 120 S.Ct. 1595, 1600, 1602 (2000) (just as the amended version of § 2254 applies to petitions filed in the district court after the effective date of the AEDPA, § 2253 applies to appeals filed in the courts of appeals after the effective date of the Act).

1998) (quoting 28 U.S.C. § 2244 (d) (1) and (2)), *cert. denied,* 525 U.S. 1091, 119 S.Ct. 847 (1999). *See also Fields v. Johnson*, 159 F.3d 914, 914 (5th Cir. 1998). The one-year limitation is not a jurisdictional bar, however, and in "appropriate circumstances," it can be tolled, *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999), as during the pendency of a properly filed application for post-conviction relief. The burden of proving that the statute of limitations has been tolled is on the petitioner. *Phillips v. Donnelly*, 216 F.3d 508, 509-10 *and* 223 F.3d 797 (5th Cir. 2000) (opinion issued amending language on rehearing).

**The Petitioner's First Conviction -
And the Revocation of Parole Arising Out of It**

The petitioner's first conviction (No. #99-101-CR2) became final on November 28, 1999 – thirty days after he was sentenced on his guilty plea. *Acker v. State*, 797 So.2d 966 (Miss. 2001) (thirty deadline for appealing alleged illegal sentence after guilty plea); *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003) (conviction becomes final when period for seeking further direct review expires). The petitioner thus had one year from the date his conviction became final, or until November 28, 2000 to file his *habeas* petition for that conviction. Similarly, as to the probation revocation, the petitioner's judgment became final on the day probation was revoked, July 17, 2001, as there is no right to a direct appeal from revocation of probation. *Rogers v. State*, 829 So. 2d 1287, 1288 (Miss. App. 2002). Further, the petitioner did not file any application in the trial court as contemplated by 28 U.S.C. § 2244(d)(2) on or before November 28, 2000 (for the initial conviction), or on or before July 17, 2002 (for the probation revocation). As such, tolling under 28 U.S.C. § 2244(d)(2) is not appropriate. *Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998). The petitioner thus filed the instant *federal* petition too late.

*Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998).

## The Petitioner's Second Conviction

The petitioner did not file any post-trial motions in Cause No. 2001-83-CR2, therefore, his conviction became final and the statute of limitations for federal *habeas corpus* relief began to run January 12, 2002, thirty days from the imposition of his sentence and the latest date on which an appeal could have been filed. *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). The petitioner did not file a post-conviction motion 28 U.S.C. § 2244(d)(2) on or before January 13, 2003, to toll the period of limitation (he filed such a motion, April 16, 2003, but he filed it with the wrong court, and it was dismissed for lack of jurisdiction).[5] As such, regarding state Cause No. 2001-83-CR2, the instant federal *habeas corpus* petition was untimely filed. *Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998).

## Equitable Tolling Inapplicable

The doctrine of equitable tolling has been recognized by the Fifth Circuit; however, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996). The statute may also be tolled when a petitioner may have been misled by the court into believing that the limitations period may have been extended or tolled. In this case, however, the petitioner has not asserted that "rare and exceptional circumstances" justify the doctrine of equitable tolling. *See Scott v. Johnson*, 227 F.3d at 263. Finally, mere ignorance of the law by an incarcerated *pro se* prisoner

---

[5]The one-year limitations period would have expired on January 12, 2003; however, because that day fell on a Saturday, the petition would have been due on the next business day, January 13, 2003.

5

does not justify equitable tolling of the statute of limitations. *Alexander v. Cockrell*, 294 F.3d at 630 (citing *Fisher*).

## The Instant Petition is Untimely Filed

Under the "mailbox rule," a petitioner's *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date that he delivered the petition to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). The instant petition was thus "filed" sometime between the date it was signed on June 21, 2004, and the date it was received and stamped as "filed" in the district court on July 7, 2004. Hence the petition was filed 1,301 to 1,317 days after the November 28, 2000, deadline for filing his federal *habeas* petition for the conviction in state cause number 99-101-CR2 – and some 705 days to 721 days after the July 17, 2002, deadline for filing his federal *habeas* petition for the revocation of probation for that same state case.

The instant *habeas corpus* petition was also filed some 525 days to 541 days after the January 13, 2003, deadline for state Cause No. 2001-83-CR2. The petition was thus filed too late to challenge any of the petitioner's convictions, and, as such, the petition shall be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 23rd day of August, 2005.

                                               /s/ Michael P. Mills
                                               **UNITED STATES DISTRICT JUDGE**